THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANYA PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Tanya Phillips ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against State Farm Mutual Automobile Insurance Company ("Defendant") for discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), § 102, 42 U.S.C.A. § 12112, and for retaliation in violation of § 503(a), 42 U.S.C.A. § 12203(a), and shows the Court as follows:

### I.    JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff was a resident of Fulton County, Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant is an insurance company located at 237 Perimeter Center Parkway NE, Dunwoody, Georgia.

6.

Defendant is now, and at all times relevant hereto, been an employer subject to the ADA.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## FACTUAL ALLEGATIONS

8.

Plaintiff began her employment with Defendant on or around February 11, 2013, as an Administrative Assistant/Secretary to Director of Human Resources for Defendant.

9.

Plaintiff worked for Defendant in its offices located at 237 Perimeter Center Parkway NE, Dunwoody, Georgia.

10.

In or around April 2018, Plaintiff learned she was pregnant with twins. Plaintiff was subsequently diagnosed as a high risk pregnancy and instructed to keep her stress level low while working.

11.

Due to increased work-related stress, Plaintiff applied for short-term disability ("STD") with Defendant's insurance carrier Cigna and was approved in April 2018.

12.

In October 2018, Plaintiff exhausted her STD and returned to work.

13.

In November or December 2018, Plaintiff began developing complications with her pregnancy due to high blood pressure and increased weight gain.

14.

On November 26, 2018, Plaintiff was seen at Morehouse Healthcare and given a doctor's note that said she was experiencing significant aches and pains which makes it difficult for her to complete her usual duties at work and was instructed to stay home for the remainder of her pregnancy.

15.

Plaintiff provided the doctor's note to her manager, Jess Howe, and requested to work from home until she could go on maternity leave. However, Plaintiff was never given an answered or allowed to work from home.

16.

On or about December 3, 2018, Plaintiff could barely walk, so she requested to begin maternity leave.

17.

Plaintiff's maternity leave was approved from December 3, 2018 through February 20, 2019.

18.

On December 27, 2018, Plaintiff gave birth to twin boys.

19.

At the end of January 2019, Plaintiff began experiencing symptoms consistent with postpartum depression and anxiety.

20.

On February 15, 2019, Plaintiff received a call from her manager, Ms. Howe stating her maternity leave was about to run out and she would need to return to work.

21.

Plaintiff was still experiencing severe depression, so she contacted Cigna and requested an extension of her maternity leave.

22.

On February 20, 2019, Plaintiff's maternity leave, PTO and STD were exhausted.

23.

Due to ongoing anxiety and undiagnosed depression, Plaintiff was unable to return to work immediately.

24.

On March 18, 2019, Defendant sent Plaintiff a letter stating her request to extend her maternity leave was denied.

25.

In April 2019, Plaintiff was diagnosed with post-partum depression and anxiety.

26.

Immediately learning of her diagnosis, Plaintiff submitted updated paperwork to Cigna to be considered in her appeal.

27.

In May 2019, Plaintiff's psychiatrist determined Plaintiff could return to work at the end of June 2019, pending Plaintiff's improved medical condition.

28.

On June 10, 2019, Plaintiff submitted documentation to Cigna of her approximate return to work date, June 26, 2019.

29.

On June 22, 2019, Plaintiff received a letter stating she had been terminated because she did not return to work when requested.

30.

Defendant knew Plaintiff was a high risk pregnancy and had a disability protected under the ADA.

31.

Defendant knew that Plaintiff required an accommodation with regard to time off for pregnancy complications and post-partum depression.

32.

Defendant failed to carry its burden following Plaintiff's initiation of the interactive process to receive an accommodation for her disability.

33.

Defendant discriminated against Plaintiff due to her medical condition and disability/perceived disability.

34.

The ADA expressly prohibits Defendant from discriminating against Plaintiff on the basis of her disability.

35.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the ADA. In doing so, Defendant violated § 503(a), 42 U.S.C.A. § 12203(a).

36.

Defendant is liable for the disability discrimiantion and retaliation against Plaintiff under a theory of vicarious or direct liability.

37.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 10, 2019.

38.

The EEOC issued a right to sue letter on or about December 21, 2020.

39.

Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the EEOC.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
## COUNT I & 2
## (DISABILITY DISCRIMINATION, § 102, 42 U.S.C.A. § 12112, AND RETALIATION, § 503(a), 42 U.S.C.A. § 12203(a))

40.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

41.

Defendant is and, at all times relevant, has been an 'employer' as defined by the ADA.

42.

Plaintiff is an individual with a disability as defined under the ADA.

43.

Plaintiff was able to perform the essential duties of her position with or without an accommodation.

44.

Plaintiff timely requested a reasonable accommodation as defined by the ADA.

45.

Defendant subsequently denied Plaintiff's reasonable accommodation in violation of the ADA.

46.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

47.

Defendant terminated Plaintiff because of her need for an accommodation protected under the ADA. Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

48.

Defendant terminated Plaintiff in retaliation of her exercise of rights protected by the ADA. In doing do, Defendant violated the ADA.

49.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover. Defendant's violations of the ADA were reckless and Plaintiff is entitled to liquidated damages.

50.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

Respectfully submitted this 19th day of March, 2021.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 495-1682
Email: jstephens@forthepeople.com